# JACKSONWHITE
## ATTORNEYS AT LAW
### A Professional Corporation

40 North Center Street, Suite 200
Mesa, Arizona  85201
T: (480) 464-1111  F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtor Royan, Inc.
By:     Kelly G. Black, No. 016376

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Royan, Inc.,<br><br>    Debtor. | **No. 2:11-bk-19813**<br><br>Proceedings under Chapter 11<br><br>**Application for Interim Payment and Compensation of Attorney Fees and Costs and For Order and Judgment Thereon (First Application)**<br><br>**and**<br><br>**Application for Appointment Nunc Pro Tunc**<br><br>Assigned to:  Honorable George B. Nielsen, Jr. |

Jackson White, P.C., a professional corporation (hereinafter "Applicant"), counsel for Royan, Inc., (hereinafter "Debtor-in-Possession"), hereby makes its Application for Interim Payment and Compensation of Attorney Fees and Costs and for Order and Judgment Thereon (First Application) (hereinafter "Application").

In support of its Application, Applicant submits its time records for the period of July 12, 2011 through November 12, 2011 (hereinafter "Application Period"), attached hereto as Exhibit "A" and incorporated herein by reference.  Applicant's cost records (including an itemization of expenses incurred) for the same period is likewise attached hereto as Exhibit "B" and incorporated herein by reference.  Costs incurred during the Application Period but posted after the Application Period will be provided in a future final or interim application.  In further support of its Application, Applicant respectfully represents as follows:

# I. Summary

## A. *Background*

1. On July 11, 2011, Debtor in the above-captioned case filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. The case is currently pending before this Court as a case under Chapter 11.

2. Debtor-in-Possession applied for Applicant's appointment as counsel on November 8, 2011 (Doc 26), and Applicant submitted its Verified Statement of Professional pursuant to FRBP 2014 and 2016 (Doc 27), and was appointed effective November 8, 2011 (Doc 30). As directed at a status conference (Doc 23), the application requested appointment as of November 8, 2011. If counsel requested fees and costs before November 8, 2011, counsel was directed to file and notice a request for nunc pro tunc appointment separate from the 2014 application.

3. Applicant has served as counsel for Debtor-in-Possession in the above entitled estate up to and through the filing of this Application. Applicant was employed by the Debtor-in-Possession to perform actual and necessary services with the understanding that Applicant's compensation would be as determined by the Court under the criterion set forth in 11 U.S.C. § 330 of the Bankruptcy Code, including the cost of comparable services other than a case under the Bankruptcy Code.

4. During the Application period, Applicant spent 29.0 hours in its representation of Debtor-in-Possession. Based upon Applicant's ordinary hourly rates in effect at the time said services were rendered, Applicant's total fees are $7,886.50. In the exercise of billing judgment, Applicant has discounted the fees to $7,178.50.

5. In addition to the foregoing, Applicant incurred out-of-pocket expenses for which Applicant is seeking reimbursement in the total amount of $1,108.77.

6. Total fees and costs are $8,287.27, to be paid by Royan, Inc. as agreed under the terms of the Retainer Agreement between Debtor and Applicant.

7. The services for which compensation is requested were rendered on behalf of the Debtor-in-Possession and compensation is sought pursuant to 11 U.S.C. § 330(a), 331, and

503(a) and (b), Rule 2016(a), Fed. R. Bankr. P., and in compliance with the Order Appointing Counsel and the Guidelines of the Office of the United States Trustee for the District of Arizona.

8. Except as Applicant may be entitled to receive compensation herein, Applicant has no arrangements with any other parties whatsoever to pay Applicant for the services of Applicant to the estate, nor has Applicant received any funds from any parties whatsoever for the services rendered to the estate. Further, Applicant has not made any arrangement to share any compensation received by order of this Court with any party whatsoever, nor does Applicant have any arrangements for sharing of compensation herein awarded, except between members and/or regular associates of Applicant's firm. Applicant has no agreement to share compensation received or to be received with any person other than the normal division of fees that, as a matter of course, occurs between attorneys who are members of Applicant's firm. As previously described in the Verified Statement filed in this matter, Applicant is a disinterested person defined in 11 U.S.C.§ 101(14) and does not hold or represent any interest adverse to the estate.

9. The names of all Applicant's professionals and paraprofessionals requesting fees and the hourly rate charged by each is as follows:

| Professional | Rate |
|---|---|
| Kelly G. Black | $295.00 |
| Terri Thompson | $120.00 |
| Ashley Preach | $120.00 |

**B.** *Case Status*

1. There are no other applications for administrative expenses pending at this time.

2. Since the filing of the Petition, Applicant has assisted Debtor in completing the schedules and statements, participated with Debtor in the Initial Debtor Interview with the Office of the United States Trustee, participated with Debtor in the Meeting of Creditors and Status Conference, communicated regarding a potential sale of assets and assignment of lease, and prepared and filed a motion to assume Debtor's lease of the business premises it occupies.

3. Any United States Trustee's fees which have not been paid and any monthly operating reports which have not been filed are anticipated to be paid and filed promptly.

*C.     Project Category Summaries*

The professional services provided by Applicant, and their corresponding fees, are summarized in the following sections.

   *1.     B110    Case Administration*

This project category includes coordination and compliance activities, including preparation of statement of financial affairs; schedules; maintenance of creditor list; United States Trustee interim statements and operating reports; contacts with the United States Trustee; and general creditor inquiries.

During the Application Period, Applicant has performed the following services within this project category: assisted Debtor in completing the schedules and statements, participated with Debtor in the Initial Debtor Interview with the Office of the United States Trustee, participated with Debtor in the Meeting of Creditors and Status Conference.

This project category is of an ongoing nature.

The foregoing services were necessary and conferred a benefit to the estate for the reason that the Code requires a Debtor-in-Possession to perform these duties.

The following summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Project Category Professional | B110 Hours | Case Administration Rate | Discount | Net Fee |
|---|---|---|---|---|
| Ashley Preach | 0.75 | 120.00 | - | 90.00 |
| Kelly G. Black | 9.70 | 295.00 | - | 2,861.50 |
| Terri Thompson | 1.80 | 120.00 | 120.00 | 96.00 |
| Total for B110 | 12.25 | 258.57 | 120.00 | 3,047.50 |

   *2.     B150    Meetings and Communications with Creditors*

This project category includes preparing for and attending the conference of creditors, the § 341(a) meeting and other creditors' committee meetings.

During the Application Period, Applicant has performed the following services within this project category: attendance at the meeting of creditors.

This project category is concluded as to the meeting of creditors, though related follow-up matters may arise.

The foregoing services were necessary and conferred a benefit to the estate for the reason that the Code requires a Debtor-in-Possession to perform these duties.

The following summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Project Category | B150 | Meetings and Communications w/Creditors | | |
|---|---|---|---|---|
| Professional | Hours | Rate | Discount | Net Fee |
| Kelly G. Black | 1.90 | 295.00 | - | 560.50 |
| Total for B150 | 1.90 | 295.00 | - | 560.50 |

*3. B160 Fee/Employment Applications*

This project category includes preparation of employment and fee applications for Applicant or others, as well as motions to establish interim procedures.

During the Application Period, Applicant has performed the following services within this project category: applied for Applicant's appointment; drafted application for appointment of an accountant to assist Debtor with the monthly operating reports and other duties; and prepared the present Application.

This project category is of a recurring nature.

The foregoing services were necessary and conferred a benefit to the estate for the reason that the Code requires a Debtor-in-Possession to perform these duties.

The following summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Project Category | B160 | Fee/Employment Applications | | |
|---|---|---|---|---|
| Professional | Hours | Rate | Discount | Net Fee |
| Kelly G. Black | 5.30 | 295.00 | 708.00 | 855.50 |
| Terri Thompson | 0.50 | 120.00 | - | 60.00 |
| Total for B160 | 5.80 | 279.91 | - | 915.50 |

4. *B185 Assumption/Rejection of Leases and Executory Contracts*

This project category includes the review of leases and executory contracts, negotiations with other parties to the contracts, and the preparation of motions, objections, or stipulations regarding their assumption or rejection.

During the Application Period, Applicant has performed the following services within this project category: communicated regarding a potential sale of assets and assignment of lease, and prepared and filed a motion to assume Debtor's lease of the business premises it occupies.

This project category is ongoing.

The foregoing services were necessary and conferred a benefit to the estate for the reason that the Code requires court approval the Debtor-in-Possession assumption of a lease.

The following summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Project Category | B185 | Assumption/Rejection of Leases/ Contract | | |
|---|---|---|---|---|
| Professional | Hours | Rate | Discount | Net Fee |
| Kelly G. Black | 9.00 | 295.00 | - | 2,655.00 |
| Total for B185 | 9.00 | 295.00 | - | 2,655.00 |

**D.** *Summary of Costs*

The costs for which Applicant seeks reimbursement total $1,108.77. The principal cost was the filing fee, in the amount of $1,039.00. The remaining expenses involve photocopies,

postage, mileage and parking expenses. The amount charged by Applicant for in-house photocopies is 15 cents per sheet. Postage is charged at actual cost. All costs are charged at Applicant's actual cost.

The amount Applicant has disbursed for actual and necessary expenses in connection with the estate are summarized and itemized on the attached Exhibit "B."

## II. Standards for Evaluating Fee Application

The fees billed by Applicant to the Debtor-in-Possession for professional services rendered during the application period total $7,178.50. In accordance with 11 U.S.C. § 330, this amount was calculated using the hourly rate for the attorneys involved. *See also In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983). This has also been referred to as the "lodestar" or basic fee which, if warranted, can be adjusted upward or downward. In that regard, the Ninth Circuit in Yermakov made specific references to *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), in which the Fifth Circuit listed twelve factors which should be considered in awarding attorneys' fees. These "*Johnson* factors" have been referred to and utilized by many courts in considering and awarding attorney's fees in bankruptcy cases. *See In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985).

In a decision of the Ninth Circuit Bankruptcy Appellate Panel, the Panel concluded that the "lodestar" approach, coupled with consideration of the "*Johnson* factors" is the appropriate standard to be applied in awarding fees in a bankruptcy case. *See In re Powerine Oil Co.*, 71 Bankr. 767 (Bankr. 9th Cir. 1986).

During the Application Period, Applicant has advised the Debtor-in-Possession in connection with the administration of the above-entitled estate on an ongoing basis and has prepared numerous letters, documents, pleadings, and other writings concerning same and has attended conferences, hearings and made other appearances for and on behalf of the Debtor-in-Possession and has performed numerous legal services for and on behalf of the Debtor-in-Possession, which services are itemized on the attached Exhibit "A," constituting Applicant's time records concerning the above-entitled estate.

Applicant has maintained daily and monthly records reflecting the actual and necessary time expended by said law firm in the performance of the services for which compensation is herein sought. These time records are presented to be merely a resume of the overall services performed by Applicant and do not purport to include each and every service performed, nor are they represented to constitute a limit of the time expended in this case, for undoubtedly there are numerous services for which time was not recorded. However, the records do indicate the general nature of the services performed and the absolute minimum time actually expended for consideration as one of the criterion set forth in 11 U.S.C. §330 for the Application Period.

The results obtained by Applicant within the time frames of this Application illustrate that the Applicant:

1. Used the skill required to perform the legal services properly;

2. Provided services necessary to the administration of the case; and

3. Performed the services within a reasonable amount of time commensurate with the complexity, importance and nature of each task.

Furthermore, based upon the results obtained by Applicant within the time frame of this Application and the rates charged by the Applicant for the services performed, the compensation requested is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

The fees and costs requested will be paid from Debtor's pre-petition retainer deposit.

With respect to nunc pro tunc relief, the debtor expressly contracted with Applicant to perform the services which Applicant has performed and for which Applicant requests approval. Applicant has spoken with Royan, Inc.'s vice-president, Mohsen Nassirian, who is authorized to direct all bankruptcy matters. Mr. Nassirian has no objection to the entry of nunc pro tunc relief. Notice of this application and of the date within which to object hereto is being served on all creditors and parties in interest. Debtor-in-Possession applied for Applicant's appointment as counsel on November 8, 2011 (Doc 26), and Applicant submitted its Verified Statement of Professional pursuant to FRBP 2014 and 2016 (Doc 27) the same date. Applicant is and, at all times since the Petition Date has been, a disinterested person as that term is defined in section

101(14) of the Code, and Applicant holds no interest adverse to the estate. Applicant has performed the required work competently and cost-effectively. Neither the Debtor nor any other party in interest will suffer prejudice from the granting of nunc pro tunc relief. Applicant filed this bankruptcy case on an emergency basis. Applicant secured Debtor's written approval to serve as counsel in the bankruptcy case before filing the Petition, and believed that the application had been prepared as part of that effort. Due to the emergency nature of the filing, however, the application was not signed and submitted at that time. After Applicant discovered the omission, Debtor applied for Applicant's appointment as counsel of record and Applicant submitted the verified statement required by Rules 2014 and 2016. For the foregoing reasons, nunc pro tunc appointment is appropriate.

### III.  Conclusion

Wherefore, Kelly G. Black and Jackson White, P.C., pray that Applicant be awarded an interim allowance, pursuant to 11 U.S.C. § 331, as attorney for Debtor-in-Possession in the amount of $7,178.50, together with reimbursement for actual and necessary costs expended in the amount of $1039.88, for a total award of $8,287.27, all subject to review and adjustment for determination of reasonable compensation based upon criteria set forth in 11 U.S.C. § 330 and for such other and further relief as the Court deems equitable.

Based upon the foregoing, Applicant respectfully requests:

A. Allowance and approval of its fees for the Application Period totaling $7,178.50, which will be paid by Debtor;

B. Reimbursement of $1039.88 in actual and necessary expenses, which Applicant has incurred and paid during the Application Period in connection with the rendering of such professional services, for a total award of $8,287.27;

C. For a Judgment against Royan, Inc. for the total award in the sum of $8,287.27; and

1     D.    Such other and further relief as this Court deems just and proper.

2     DATED this 14th day of November, 2011.

3                                                   JACKSON WHITE, P.C.

/s/ Kelly G. Black
Attorneys for Debtor Royan, Inc.
By: Kelly G. Black, No. 016376

COPIES served electronically as follows:

PATTY CHAN on behalf of U.S. Trustee U.S. TRUSTEE
patty.chan@usdoj.gov, Jean.L.LaShelle@usdoj.gov

TODD B. TUGGLE on behalf of Creditor National Retail Properties
ttuggle@jsslaw.com

/s/ Kelly G. Black
25782-001\feeapp

# Exhibit A

| Project Category | B110 | Case Administration | | | | |
|---|---|---|---|---|---|---|
| Date | Init. | Narrative | Units | Rate | Discount | Net Exp. |
| 7/11/2011 | KGB | Draft e-mail to opposing counsel with copy of Chapter 11 Petition | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/12/2011 | KGB | Receive and review Meeting of Creditors notice; Draft e-mail to client regarding same | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/12/2011 | KGB | Receive and review deficiency notice; Draft e-mail to client enclosing another copy of questionnaire for schedules and statements | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/12/2011 | KGB | Receive and review e-mail regarding initial debtor interview and related guidelines and checklists; Draft e-mail to client regarding same; Forward for docketing and calendaring | 0.3 | 295.00 | 0.00 | 88.50 |
| 7/13/2011 | KGB | Receive and review notice of Meeting of Creditors; Forward to Mohsen | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/13/2011 | TT | Docket deadlines for IDI meeting and review documents from Trustee. | 0.2 | 120.00 | 24.00 | 0.00 |
| 7/13/2011 | KGB | Voice message from Mohsen regarding documents and additional steps; Draft responsive e-mail | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/14/2011 | TT | Follow up with Mr. Black on emailing documents to clients. | 0.3 | 120.00 | 36.00 | 0.00 |
| 7/18/2011 | KGB | Receive and review Notice of Appearance | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/21/2011 | TT | Conference with Mr. Black and Ms. Preach concerning requesting continuance for IDI Meeting set for August 4, 2011. | 0.3 | 120.00 | 0.00 | 36.00 |
| 7/26/2011 | KGB | Telephone conference with Moe regarding status, documents for analyst/IDI | 0.3 | 295.00 | 0.00 | 88.50 |
| 7/27/2011 | KGB | Conference with Moe regarding IDI compliance and documents (0.70); Telephone call to Clark Fox regarding potential service as Chapter 11 accountant (0.10) | 0.8 | 295.00 | 0.00 | 236.00 |
| 7/27/2011 | TT | Update deadline to file Declaration for Electronic Filing. | 0.2 | 120.00 | 24.00 | 0.00 |
| 8/4/2011 | KGB | Receive and review deficiency memorandum; Revise motion and order; Direct filing of same | 0.2 | 295.00 | 0.00 | 59.00 |
| 8/4/2011 | TT | E-file Motion for Extension of Time to File Schedules and Statements; proposed Order and Notice of Lodging Proposed Order. e-mail copies according to mailing certificate on Motion. Mail copies pursuant to mailing certificate. | 0.5 | 120.00 | 0.00 | 60.00 |
| 8/9/2011 | AP | Drafted Second Motion for Extension, Notice of Lodging Order and Second Order for Extension. Filed documents with the court. Contacted client and instructed client to provide additional documents. | 0.8 | 120.00 | 0.00 | 90.00 |
| 8/9/2011 | KGB | Conference with Ms. Preach regarding status of statements and schedules; Draft Motion for Extension and direct filing | 0.3 | 295.00 | 0.00 | 88.50 |
| 8/10/2011 | KGB | Receive and review Objection to Motion to Extend; | 0.2 | 295.00 | 0.00 | 59.00 |

| Date | Init. | Narrative | Units | Rate | Discount | Net Exp. |
|---|---|---|---|---|---|---|
| | | Conference with Ms. Preach regarding explaining urgency to Moe | | | | |
| 8/11/2011 | KGB | Telephone conferences with client, analyst regarding rescheduling of IDI; Exchange e-mails regarding same | 0.5 | 295.00 | 0.00 | 147.50 |
| 8/12/2011 | KGB | Final review of schedules and statements | 1.2 | 295.00 | 0.00 | 354.00 |
| 8/15/2011 | KGB | Receive and review notice of hearing (0.10); IDI, with travel (2.40) | 2.5 | 295.00 | 0.00 | 737.50 |
| 8/16/2011 | KGB | Follow up on filing of electronic filing declaration | 0.1 | 295.00 | 0.00 | 29.50 |
| 8/17/2011 | KGB | Receive and review minutes of Meeting of Creditors, notice of hearing certificate | 0.1 | 295.00 | 0.00 | 29.50 |
| 8/22/2011 | KGB | Telephone call from Moe regarding status conference | 0.2 | 295.00 | 0.00 | 59.00 |
| 8/29/2011 | KGB | Telephone call from Moe regarding documents to Trustee (he will fax me and hand-deliver to UST's office | 0.1 | 295.00 | 0.00 | 29.50 |
| 8/31/2011 | TT | Review facsimile received from client. | 0.3 | 120.00 | 36.00 | 0.00 |
| 9/27/2011 | KGB | Chapter 11 Status Hearing, with travel (1.70); Conference with Moe regarding operating reports (0.10) | 1.8 | 295.00 | 0.00 | 531.00 |
| 11/10/2011 | KGB | Draft e-mail to Moe regarding operating reports (0.10); Telephone call to Clark Fox, accountant (left message) (0.10); Draft e-mail to Mr. Fox outlining needed help for operating reports (0.20) | 0.4 | 295.00 | 0.00 | 118.00 |
| 11/10/2011 | KGB | Telephone call from Moe regarding operating reports (he will contact accountant also) | 0.1 | 295.00 | 0.00 | 29.50 |
| | | Total for B110 | 12.3 | 258.57 | 120.00 | 3047.50 |

| Project Category | B150 | Meetings and Communications w/Creditors | | | | |
|---|---|---|---|---|---|---|
| Date | Init. | Narrative | Units | Rate | Discount | Net Exp. |
| 8/16/2011 | KGB | Meeting of Creditors, with travel | 1.9 | 295.00 | 0.00 | 560.50 |
| | | Total for B150 | 1.9 | 295.00 | 0.00 | 560.50 |

| Project Category | B160 | Fee/Employment Applications | | | | |
|---|---|---|---|---|---|---|
| Date | Init. | Narrative | Units | Rate | Discount | Net Exp. |
| 8/23/2011 | TT | Prepare Application for Appointment of Attorneys for Debtor-in-Possession Effective as of the Petition Date Pursuant to Rule 2014 and Verified Statement Pursuant to FRBP 2014 and 2016 | 0.5 | 120.00 | 0.00 | 60.00 |
| 11/8/2011 | KGB | Finalize application to appoint and Rule 2014/2016 statements | 0.2 | 295.00 | 0.00 | 59.00 |
| 11/10/2011 | KGB | Draft Verified Statement for accountant (0.20); Update e-mail to Mr. Fox to include discussion of Verified Statement and conflicts information (0.10) | 0.3 | 295.00 | 0.00 | 88.50 |
| 11/12/2011 | KGB | Draft and file fee application | 4.8 | 295.00 | 708.00 | 708.00 |
| | | Total for B160 | 5.8 | 279.91 | 708.00 | 915.50 |

| Project Category | | B185 | Assumption/Rejection of Leases/Contract | | | | |
|---|---|---|---|---|---|---|---|
| Date | Init. | | Narrative | Units | Rate | Discount | Net Exp. |
| 7/14/2011 | KGB | | Telephone call to Tim Larson (out of town); Draft e-mail to Mohsen regarding status | 0.2 | 295.00 | 0.00 | 59.00 |
| 7/18/2011 | KGB | | Telephone call from Moe regarding call from corporate (none yet) | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/18/2011 | KGB | | Receive Message from Tim Larson; Return call to same regarding sale and assumption of lease; Review lease and send to Larson with comments; forward to Moe | 0.6 | 295.00 | 0.00 | 177.00 |
| 7/20/2011 | KGB | | Voice message from client regarding corporate's desire to assume lease | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/29/2011 | KGB | | Telephone call to Tim Larson regarding sale of assets and assumption of lease; Draft e-mail to Moe regarding discussion | 0.3 | 295.00 | 0.00 | 88.50 |
| 9/22/2011 | KGB | | Voice message from Moe; Telephone call to same regarding corporate's likely decision per corporate counsel (not final per Moe), regarding increase in sales activity, and regarding status conference next week | 0.3 | 295.00 | 0.00 | 88.50 |
| 11/8/2011 | KGB | | Initial draft Motion to Assume Real Property Lease [0.50]; Conference with Moe, with travel [1.90]; Revise Motion to Assume [3.20]; Draft declation [0.70]; Telephone conferences with Moe regarding Motion and Declaration [0.20]; Draft Notice [0.30]; File and serve Motion and Notice [0.30] | 7.1 | 295.00 | 0.00 | 2094.50 |
| 11/9/2011 | KGB | | Telephone call to opposing counsel Tuggle regarding Motion (not available) | 0.1 | 295.00 | 0.00 | 29.50 |
| 11/10/2011 | KGB | | Telephone call to Moe regarding payment, initial reaction from opposing counsel | 0.2 | 295.00 | 0.00 | 59.00 |
| | Total for B185 | | | 9.0 | 295.00 | 0.00 | 2655.00 |
| Grand Totals | | | | 29.0 | 276.56 | 828.00 | 7178.50 |

# Exhibit B

| Project Category | E108 | Postage | | | | |
|---|---|---|---|---|---|---|
| Date | Narrative | | Units | Rate | Discount | Net Exp. |
| 7/12/2011 | Postage | | 1.0 | 0.44 | 0.00 | 0.44 |
| | Total for E108 | | 1.0 | 0.44 | 0.00 | 0.44 |

| Project Category | E109 | Local travel and parking | | | | |
|---|---|---|---|---|---|---|
| Date | Narrative | | Units | Rate | Discount | Net Exp. |
| 8/15/2011 | Travel to/from IDI | | 37.4 | .555 | | 20.76 |
| 8/15/2011 | Parking at IDI | | 1 | 3.00 | | 3.00 |
| 8/16/2011 | Travel to/from Meeting of Cr. | | 37.5 | .555 | | 20.81 |
| 8/16/2011 | Parking for Meeting of Cr. | | 1 | 2.00 | | 2.00 |
| 9/27/2011 | Travel to/from Status Conf. | | 37.4 | .555 | | 20.76 |
| 9/27/2011 | Parking for Status Conf. | | 1 | 2.00 | | 2.00 |
| | Total for E109 | | 115.3 | 0.61 | 0.00 | 69.33 |

| Project Category | E112 | Court fees | | | | |
|---|---|---|---|---|---|---|
| Date | Narrative | | Units | Rate | Discount | Net Exp. |
| 7/12/2011 | Chapter 11 Filing Fee | | 1.0 | 1039.00 | 0.00 | 1039.00 |
| | Total for E112 | | 1.0 | 1039.00 | 0.00 | 1039.00 |

| Grand Totals | | | 117.3 | 9.45 | 0.00 | 1108.77 |
|---|---|---|---|---|---|---|