# JACKSONWHITE
## ATTORNEYS AT LAW
### *A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtor-in-Possession
By: Kelly G. Black, No. 016376

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Royan, Inc.<br><br>Debtor. | No. 2:11-BK-19813-GBN<br><br>Application for Appointment of Accountant for Debtor-in-Possession Effective as of the Application Date Pursuant to Rule 2014<br><br>Assigned to: Honorable George B. Nielsen, Jr. |

Pursuant to section 327(a) of the Bankruptcy Code, and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Royan, Inc. the Debtor herein, hereby applies for authority to employ Clark Fox and the accounting firm of Fox Peterson, LLC ("Accountant"), as accountant for the Debtor under a retainer for services rendered and to be rendered during the pendency of this Chapter 11 proceeding. In support of this application, the Debtor alleges as follows:

1.  Debtor has filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code"). Pursuant to sections 1107 and 1108 of the Code, the Debtor is conducting its affairs as debtor-in-possession.

2.  Debtor desires to retain Accountant to assist in the preparation of operating and other financial reports, and in the provision of accounting and financial advice.

3.  To the best of the Debtor's knowledge, Accountant and all of the accountants associated at the Fox Peterson, LLC are "disinterested persons" as that term is defined in section 101(14) of the Code, and neither Accountant nor any of the accountants at Fox Peterson, LLC hold any interest materially adverse to the estate. To the best of Debtor's knowledge, Fox Peterson, LLC and its accountants have no connections with the Debtors, creditors, other parties

in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except as follows:

    a.    Accountant has provided accounting services to Debtor

    b.    Accountant has prepared, and will continue to prepare, income taxes for the Nassirians, who are the members of Debtor. Accountant has stated that the accounting services to the Nassirians will not interfere with Accountant's duties to the Debtor.

    c.    Accountant provided Debtor with prepetition services which were not fully paid prepetition. With respect to these prepetition accounting services, Accountant has agreed to waive unpaid fees and costs so Accountant is not a creditor of the Debtor and has no direct or indirect relationship to, or connection with, or interest in the Debtor.

4.    Except as may be stated above, Accountant does not hold or represent any interest adverse to the estate of the Debtor and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

5.    Debtor believes that the employment of Accountant would be in the best interest of the estate.

6.    Subject to this Court's jurisdiction with respect to professional fees, the Debtor has agreed to compensate Accountant for its services as follows: $300 per month. The Debtor has also agreed to reimburse Accountant in full for its cash disbursements and for such expenses as Accountant customarily bills to its clients. The Debtor has agreed to pay Accountant promptly upon allowance by the Court after appropriate application and notice.

7.    Debtor is informed that the professional fees described in the last paragraph are reasonable and comparable to rates charged by other accountants in the Phoenix metropolitan area with Accountant's background and experience.

8.    Accountant has agreed not to share with any person or firm the compensation to be paid for services rendered in connection with this case.

9.    No trustee, examiner or creditors' committee has been appointed in this case.

WHEREFORE, Debtor prays for an order appointing Clark Fox and the accounting firm of Fox Peterson, LLC as accountant for the Debtor, to render the services described above with

compensation to be paid, at the rates and on the terms described above, as an administrative expense in such amounts as this Court may hereafter determine and allow upon application to be filed by said attorneys.

DATED this ___ day of January, 2012.

Jackson White, P.C.
By: Kelly G. Black, No. 016376

COPY of the foregoing mailed this 31st day of January, 2012 to:

Office of the U.S. Trustee
230 N. First Avenue, Ste. 204
Phoenix, AZ 85003-1706

By: [signature]

25782-002\430244.docx